PINGREE, *treasurer, &c. vs.* WARREN *& als.*

In an action by a town treasurer on a collector's bond given to his predecessor in office, such predecessor is not admissible as a witness for the plaintiff, to disprove the payment of money for which the collector held his receipt.

THIS was an action of debt, on a bond given to *Barnabas Brackett,* the plaintiff's predecessor in office, as treasurer of the town of *Denmark,* and to his successors, by *Henry Warren,* the principal defendant, conditioned for his faithful execution of the office of collector of taxes in that town, for the year 1826. The defendants, after *oyer* of the bond, pleaded a general performance of the condition; to which the plaintiff replied, assigning a breach in not paying over divers sums of money collected; on which issue was taken.

At the trial before *Parris J.* the defendants offered in evidence a receipt given by *Brackett,* as treasurer, to *Warren,* purporting to be in full of all taxes committed to him to collect, up to *March* 1827. To explain this receipt, and show that it was not intended to be in full of the assessment of 1826, the plaintiff offered *Brackett* as a witness; to whose competency the defendants objected. The judge overruled the objection, but reserved the point for the consideration of all the judges, a verdict being returned for the plaintiff.

*Fessenden*, for the plaintiff, contended that the witness was admissible ;—1st, because he was not interested in the event of this suit, the proceedings in which could never be used in evidence for or against him. There is only a bare possibility that an action may be brought against him ; which is no objection to his competency. It is only a legal and fixed interest in the event of the suit, that excludes the witness from being heard. *Carter v. Pearce*, 1 *D. & E.* 163 ; *Bent v. Baker*, 3 *D. & E.* 27 ; *Bell v. Harwood, ib.* 308 ; *Smith v. Prager*, 7 *D. & E.* 62 ; *Abrahams v. Bunn*, 4 *Burr.* 2251 ; *Revere v. Leonard*, 1 *Mass.* 93 ; *Bliss v. Thompson*, 4 *Mass.* 488 ; *Page v. Weeks*, 13 *Mass.* 199 ; *Stockham v. Jones*, 10 *Johns.* 21 ; *Owings v. Speed*, 5 *Wheat.* 420.

2. *Brackett* was merely the agent of the town ; and as such is admissible, *ex necessitate rei*. *Benjamin v. Porteus*, 2 *H. Bl.* 590 ; 11 *Mod.* 226 ; 1 *Atk.* 248 ; 3 *Wils.* 40 ; 1 *Stra.* 647 ; 1 *Salk.* 289 ; 3 *Campb.* 144 ; *Bull. N. P.* 289 ; *Adams v. Davis*, 3 *Esp.* 48 ; *Mathews v. Haydon*, 3 *Esp.* 509 ; *Livingston v. Swanwick*, 2 *Dall.* 300 ; *Brown v. Babcock*, 3 *Mass.* 29 ; *Herman v. Drinkwater*, 1 *Greenl.* 27 ; *Gifford v. Coffin*, 5 *Pick.* 447 ; *Burlingham v. Dyer*, 3 *Johns.* 189 ; *Brownson v. Avery*, 1 *Stra.* 507 ; *Union Bank v. Knapp*, 3 *Pick.* 96.

*Dana* and *D. Goodenow*, for the defendants, cited *Bliss v. Thompson*, 4 *Mass.* 488 ; *Widgery v. Haskell*, 5 *Mass.* 144 ; *Pierce v. Butler*, 14 *Mass.* 303 ; *Emerton v. Andrews*, 4 *Mass.* 653.

Mellen C. J. delivered the opinion of the opinion of the Court, in *Cumberland*, in *August* following.

The only question in this case is whether *Brackett* was a competent witness to disprove the fact stated in the receipt, which he had, when town treasurer, given to *Warren* the collector. There is no question as to the right to explain the language of a receipt by proper evidence. Was *Brackett* so interested as to be an inadmissible witness for the purpose ? As the receipt stands, if not falsified by proof *aliunde*, it constitutes a good defence to the action. If the defendant *Warren* is thus discharged from accountability, an action will immediately lie against *Brackett* by the town treasurer, and

*Brackett's* receipt will be good evidence to maintain such action, unless its accuracy and truth can be disproved by him ; but if he is permitted to testify in this action, and by his own oath disprove the receipt, in whole or in part, and thereby enable the plaintiff to recover of *Warren* and his sureties the amount of the alleged mistake or falsehood in the receipt, he will, in so doing, shield himself from all pretence of liability to the town. An indorser of a note cannot be a witness for the indorsee in an action against the maker ; because a judgement in that action has a direct tendency to relieve him from his liability as indorser. What but this contingent responsibility renders the indorser of a writ, the bail, or surety in a replev.n bond, incompetent witnesses for those whose sureties they have become ? The success of the present action will save *Brackett* harmless ; the failure of it, on account of the absence of his testimony, immediately exposes and subjects him to an action on the part of the town for the contested amount. Can he then be a competent witness ? Is he not directly interested ? See *Schillinger v. McCann, ante. p.* 364, and cases there cited.

But it is contended that *Brackett* was a mere agent of the town, and that an agent or factor is by law a good witness. Such is the principle, and it is well known to be an exception from the general rule. But we do not perceive that such a character belongs to *Brackett.* He certainly is not the agent of the plaintiff; there is no privity between them ; nor does there exist in this case that necessity, which can bring the witness within the exception ; on which necessity the exception is founded.

*Verdict set aside, and new trial granted.*